```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

DAMON CLARK,                        :
        Petitioner,                 :
                                    :     Crim. No. 3:99CR67 (AHN)
v.                                  :     Civ. No. 3:00CV2374 (AHN)
                                    :
UNITED STATES OF AMERICA,           :
        Respondent.                 :
```

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255

Petitioner Damon Clark ("Clark") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255, requesting that his February 23, 2000, conviction be vacated, set aside, and/or corrected. On September 2, 1999, Clark pleaded guilty to possession with intent to distribute and to distribute over 50 grams of crack cocaine, in violation of 21 U.S.C. § 846.  He was sentenced to 60 months imprisonment and five years supervised release.  He now challenges his sentence on the ground that it violates Apprendi v. New Jersey, 530 U.S. 466 (2000) and that it was imposed without effective assistance of counsel.[1]  For the forgoing reasons, Clark's petition [dkt. # 278] is denied.

---

[1] In his habeas petition, Clark purports to reserve the ineffective assistance of trial counsel claim for later consideration by the court.  However, because habeas petitioners cannot easily bring successive petitions for collateral relief, see 28 U.S.C. § 2255 (requiring certification by the court of appeals before such a successive petition may be considered by the district court), the court considers Clark's ineffective assistance claim on the merits.

BACKGROUND

Clark was a member of a Bridgeport, Connecticut, crack organization. Pursuant to a cooperation agreement with the government, Clark testified at the federal criminal trial of the alleged leader of that organization, Russell Peeler ("Peeler"). Clark testified that he worked for Peeler as a street seller and later as a lieutenant; that street sellers sold an average of 25 bundles of crack cocaine per shift; and that he carried a .380 caliber firearm in connection with his narcotics trafficking activity.

DISCUSSION

Clark now seeks to correct and/or vacate his sentence on the grounds that (1) the court violated the rule in Apprendi by enhancing his sentence with regard to drug quantity and unlawful possession of a firearm, and (2) his trial counsel performed deficiently by failing to raise an Apprendi objection to the sentencing enhancements the court imposed. The government submits that Clark is not entitled to relief. The court agrees.

I.   Apprendi

Clark is not entitled to habeas relief on the basis of the alleged Apprendi violations because his conviction became final before the Supreme Court decided Apprendi. That is, Clark pleaded guilty to possession with intent to distribute and to distribute crack cocaine on September 2, 1999. On February 23, 2000, the court sentenced and entered judgment against Clark for

that offense.  Because Clark did not file an appeal, his conviction and sentence became final ten days later on March 6, 2000, nearly four months before the Supreme Court's June 26, 2000, decision in Apprendi.  See Clay v. United States, 537 U.S. 522, 529 & 532 (2003) (holding that federal criminal conviction becomes final when direct review has ended or the time for seeking such review has expired); Fed. R. Crim. P. 4(b)(1)(A) (criminal defendant's notice of appeal must be filed in district court within ten days after judgement is entered).  Accordingly, Clark cannot now seek the benefit of that rule retroactively on habeas review, see Coleman v. United States, 329 F.3d 77, 89, 90 (2d Cir. 2003) (holding that Apprendi does not apply retroactively on habeas review because it did not announce a watershed rule, but merely clarified and extended the scope of two well-settled principles that a defendant has a right to a jury trial and the government carries the burden of proof beyond a reasonable doubt), and therefore his petition must be denied on this basis.  See Clay, 537 U.S. at 527 (stating that the principle of finality has "a long-recognized, clear meaning," in the context of postconviction relief).

II.  Ineffective Assistance of Counsel

Clark is also not entitled to habeas relief on the ground that his trial counsel was ineffective at sentencing.  In particular, Clark claims that counsel should have raised Apprendi objections with regard to the court's use of drug quantity and

unlawful possession of a firearm to calculate his sentence.  His claim is baseless.

Under Strickland v. Washington, 466 U.S. 668, 687 (1984), a habeas petitioner claiming ineffective assistance of counsel must make a two-part showing.  First, the petitioner must demonstrate that counsel's performance was deficient -- that is, errors were made of such serious magnitude that petitioner was deprived of the counsel guaranteed by the Sixth Amendment.  See id.  Second, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result would have been different.  See id. at 694.

Here, Clark cannot demonstrate either that his trial counsel should have objected to the court's use of drug quantity and unlawful possession of a firearm in order to calculate his sentence without those issues first being decided by a jury, or that he suffered prejudice as a result of counsel's failure to raise those objections.  Under the terms of the plea agreement, Clark stipulated to the fact that the narcotics conspiracy he engaged in involved the distribution of over 50 grams of crack cocaine.  Because Clark's 60-month sentence was below the statutory maximum penalty of life imprisonment that could have been imposed for that offense, there was no Apprendi violation under the sentencing law in effect at that time.  See, e.g., United States v. Margas, 321 F. Supp.2d 451, 458-59 (N.D.N.Y. 2004) (holding that Apprendi is not implicated where a defendant

4

enters a guilty plea and stipulates or allocutes to drug quantity) (quoting United States v. Doe, 297 F.3d 76, 89 (2d Cir. 2002)).  Similarly, under the then-existing sentencing regime a court could consider certain factors that were not alleged in an indictment, including possession of a firearm, for purposes of imposing a sentence within the prescribed statutory maximum.  See, e.g., Harris v. United States, 536 U.S. 545, 568 (2002) (holding that a two-point increase in defendant's sentence based on judicial finding that he had brandished a firearm was a sentencing factor that was not required to be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt) (discussing McMillan v. Pennsylvania, 477 U.S. 79, 89-90 (1986)).  Accordingly, Clark's habeas petition is also denied with regard to his ineffective assistance of counsel claim.

## CONCLUSION

For the foregoing reasons, Clark's petition for a writ of habeas corpus [dkt. # 278] is DENIED.  Because petitioner fails to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.  See 28 U.S.C. § 2253(a)(2).

So ordered this ___ day of July, 2005, at Bridgeport, Connecticut.

                                                _____
                                                Alan H. Nevas
                                                Senior United States District Judge

5